IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.  5:22-CR-325 (BKS) |
| | ) | |
| v. | ) | Government's Sentencing Memorandum |
| | ) | |
| JOSE OROZCO ACOSTA, | ) | |
| | ) | |
| **Defendant.** | ) | |

## I. Introduction

On April 27, 2023, the defendant pled guilty to the sole count of an indictment that charged him with possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). The matter is presently scheduled for sentencing on August 22, 2023. The government agrees with the facts, criminal history category, and guideline and statutory sentencing calculations in the Presentence Investigation Report (Dkt. No. 26, hereinafter, "PSR"), and respectfully requests that the Court sentence the defendant within his resulting guideline range.

## II. Factual Background

In early 2022, law enforcement in California and New York identified the defendant as a suspected drug distributor operating in the Bakersfield, CA and Central New York areas. PSR ¶ 5. In April 2022, the defendant travelled from Bakersfield, CA to Syracuse, New York. PSR ¶ 11. Surveillance watched as the defendant visited one of his storage units, empty its contents (including a black tote with a yellow lid), then transported those contents to a different storage unit in the City of Syracuse. PSR ¶ 13-14. Later that week, law enforcement obtained warrants to search the defendant's storage units. PSR ¶ 18. Within the second storage unit that the defendant visited, law enforcement recovered the black tote with yellow lid. PSR ¶ 19. Within the tote, the

1

defendant possessed more than 65,000 fentanyl pills, weighing approximately 7,215 grams or 7.2 kilograms. PSR ¶ 19, 21. The parties agree that the defendant is personally accountable for the possession of approximately 7.2 kilograms of fentanyl. PSR ¶ 2.

### III. Applicable Statutory and Guideline Calculations

For his conviction, the defendant is subject to a minimum of ten years and a maximum sentence of life imprisonment, a minimum of 5 years of supervised release, and a $10,000,000 fine. PSR ¶ 61, 65, 69. He also faces other legal consequences, including ineligibility for federal benefits. PSR ¶ 75-76. The government agrees with the total offense level and criminal history category set forth in the presentence report.

### IV. Sentencing Recommendation

A guideline sentence is appropriate here. The evidence establishes that the defendant possessed over seven kilograms of fentanyl, which he admitted that he intended to distribute. A sentence of imprisonment within the guideline range is appropriate based on the nature and circumstances of this offense, as well as the need to promote respect for the law. *See* 18 U.S.C. § 3553(a).

### III. Conclusion

Based on the foregoing, the government respectfully requests that the Court impose a sentence within the guideline range.

Dated: July 31, 2023

                                                  CARLA B. FREEDMAN
                                                  United States Attorney

By: _____
Jessica N. Carbone
Assistant United States Attorney
Bar Roll No. 703490